**Jamie A. TAYLOR, A Minor, By Next Friend, And Jessie Adair Taylor, Individually, Plaintiffs,**

v.

**Randy CRENSHAW, Defendant.**

**No. 46619.**

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 29, 1983.

Bernard P. McDonnell, Clayton, for defendant.

Peter Jay Krane, Asst. Pros. Atty., St. Louis, for plaintiffs.

CLEMENS, Senior Judge.

Action by plaintiff unwed mother for declaration defendant is the father of her child. The trial court so found and awarded mother $20 weekly child support.

■ Defendant has appealed, contending plaintiff failed to establish his paternity by a preponderance of evidence. At trial he admitted long association with plaintiff but flatly denied intercourse with her.

The plaintiff had evidence that before conception she had intercourse exclusively with defendant, that defendant's treatment of the child in giving it gifts and attending her confinement was consistent with his paternity, and this was confirmed by testimony of plaintiff's mother and sister. Her evidence supported her charge of defendant's paternity.

The mother's stated contentions were upheld by the trial court; it found defendant did have sexual intercourse with plaintiff during the year before the child's birth and had orally admitted his paternity. Our review of the record supports these findings.

Here defendant cites *S–J–B v. S–F–S*, 504 S.W.2d 233[11] (Mo.App.1973), holding in a paternity case diametrically opposed testimony as to sexual intercourse will not establish paternity. In that case, unlike ours, there was no supporting evidence by the mother and the trial court there specifically disbelieved her.

The trial court here had leave to believe or disbelieve the conflicting testimony. *David v. Cindy,* 565 S.W.2d 803[1] (Mo. App.1978). We give due regard to its decision on credibility of plaintiff's evidence. V.A.M.R. 73.01(c)(2).

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.